# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES W. VINCENT** | **CIVIL ACTION NO. 6:15-2351** |
| **VERSUS** | **JUDGE DOHERTY** |
| **PAUL DEMAHY** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff James W. Vincent ("Vincent") filed the instant civil rights complaint purportedly pursuant to 42 U.S.C. § 1983 on September 3, 2015. Vincent names his former court appointed defense counsel Paul deMahy (now Judge deMahy) as the sole defendant. Vincent alleges that deMahy rendered ineffective assistance of counsel when he represented Vincent in connection with his criminal prosecution for forceable rape for which he was ultimately sentenced in 1984 to serve twenty-five years imprisonment.[1] Vincent complains the time that deMahy represented him, deMahy was running for office. DeMahy was elected Judge of Sixteenth Judicial District Court in the late 1980's. Indeed, documents submitted by Vincent reveals that Vincent's criminal prosecution was in 1984.[2] Vincent seeks monetary damages and "all charges drop [sic]."

---

[1] Vincent was apparently additionally sentenced to serve 8 years for a parole violation. *See* rec. doc. 5-1, pg. 1.

[2] *See* rec. doc. 5-1, pg. 1.

Vincent previously filed a civil rights action against deMahy on November 18, 2014 on the same grounds asserted herein.  *Vincent v. Demyles*, 6:14-cv-3336 (W.D. La.).  That action was dismissed with prejudice by Judge Haik on March 27, 2015 pursuant to a February 4, 2015 Report and Recommendation by Magistrate Judge Hill, on grounds that then public defender deMahy was not a state actor subject to suit for monetary damages under § 1983, that Vincent's claim for monetary damages was barred under the principles set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and that Vincent's claim for an immediate or earlier release from confinement was not properly raised in the context of a civil rights action, but rather must be raised by petition for *habeas corpus* relief under the provisions of 28 U.S.C. § 2254, and that in any event such relief was not available because Vincent had not properly or timely exhausted state court remedies. [*Id*. at docs. 9 and 12].  Vincent did not appeal this Court's adverse decision.  Instead, Vincent filed the instant lawsuit stating that he does not want to "drop" his lawsuit.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Law and Analysis

The Court adopts the February 4, 2015 Report and Recommendation of

Magistrate Judge Hill filed in Vincent's prior lawsuit in this Court.  It is clear that Vincent has failed to state a claim for money damages from his then court-appointed public defender Paul deMahy because deMahy cannot be considered a state actor subject to suit under § 1983.[3]  It is equally clear that Vincent's claim for monetary damages is barred under the principles set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  Moreover, Vincent's claim that "all charges be drop[ped]" which the Court construes as a request for an immediate or earlier release from confinement is not properly raised in the context of a civil rights action, but rather must be raised by petition for *habeas corpus* relief under the provisions of 28 U.S.C. § 2254[4], and in any event, is not available because Vincent has not properly or timely exhausted state court remedies.[5]

    For the foregoing reasons;

---

[3]*See Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981); *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995);  *Mills v. Criminal District #3*, 837 F.2d 677, 679 (5th Cir. 1988); *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972), *cert. denied* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed. 2d 691 (1973); *Breaux v. Public Defender 15th Judicial District*, 2012 WL 1712574, *1-2 (W.D. La. 2012).

[4]*See  Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973);  *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

[5]*See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999);  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999);  *Magouirk v.  Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985).

**IT IS RECOMMENDED that** this civil rights action be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)  days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 25th day of September, 2015.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE:   9/25/2015
BY:            EFA
TO:            RFD
              cg